IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**UNITED STATES OF AMERICA,**

vs.   Case No. 5:03cr13-RH
   Case No. 5:05cv67-RH/WCS

**LYVIA HILL,**

   **Defendant.**
_____/

REPORT AND RECOMMENDATION

Pending in this case is a motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255. Doc. 243, as supplemented, doc. 244. See doc. 249 granting leave to file a supplemental claim. The United States filed a response. Doc. 257. Defendant filed a reply. Doc. 258.

**Procedural status of the case**

Defendant was charged in a one count indictment with conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine, more than 5 kilograms of powder cocaine, and more than 100 kilograms of marijuana. Doc. 1. She was found guilty after a jury trial. Doc. 117 (verdict). On November 7, 2003, she was sentenced to a term of 292 months to be followed by a five year term of supervised release. Doc. 162 (judgment).

Defendant filed a notice of appeal on November 17, 2003. Doc. 163. Defendant's appeal was dismissed on her motion on April 5, 2004. Doc. 211. The mandate issued on July 19, 2004. Doc. 224. Defendant states that she filed a motion to reinstate her appeal on August 31, 2004. Doc. 243, memo, p. 4 (p. 10 on the electronic docket (ECF)). PACER (Public Access to Court Electronic Records) for the Eleventh Circuit reveals that a motion to recall the mandate was filed on September 7, 2004, and was denied on October 13, 2004. Defendant states she did not learn of this denial until February, 2005. Doc. 243, memo, p. 4 (p. 10 on ECF). She states she filed another pro se motion in the Eleventh Circuit on about February 25, 2005. *Id.*, p. 5 (p. 11 on ECF). PACER reflects that a letter was sent to Defendant on March 17, 2005, "returning papers unfiled." Thus, although Defendant states this motion is currently pending, this motion is no longer pending in the Eleventh Circuit.

**Ground one, part one**

Defendant contends her attorney was ineffective for failing to contest the quantity of drugs at sentencing.[1] Defendant asserts that counsel should have presented argument at sentencing based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

In Apprendi, the Court "confirm[ed] the opinion that we expressed in [Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)]. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

---

[1] Defendant reordered her claims in her memorandum. Doc. 243. The claims will be addressed here in the order presented in the memorandum.

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-2363.

In her affidavit, filed as exhibit 2 to her reply, doc. 258, Defendant contends her attorney was ineffective at sentencing for failing to note that Blakely v. Washington, ultimately reported at 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), was pending on certiorari to the Supreme Court at the time of her sentencing. She contends that counsel should have made the argument ultimately successful in Blakely and then in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Doc. 258, Ex. 2, ¶ 7 (p. 28 on ECF). She contends that she would not have dismissed her appeal had she had a pending claim of the type successful in Blakely. Id. Since this claim is related to the legal premise of the first, it will be discussed here.

To show ineffective assistance of counsel, Petitioner must demonstrate both deficient performance and prejudice to the outcome. Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

Case Nos. 5:03cr13-RH and 5:05cv67-RH/WCS

Defendant was sentenced on November 7, 2003.  Doc. 156.  It was not until 2004 that Blakely applied Apprendi to a sentence enhanced under state sentencing guidelines, and it was not until 2005 that Booker applied Apprendi and Blakely to the Federal Sentencing Guidelines.  Defendant cannot demonstrate ineffectiveness of counsel for failing to raise the claim ultimately successful in Blakely.  Prior to Blakely, "the law of this Circuit then recognized the U.S. Code as the source of the maximum sentence."  United States v. Duncan, 400 F.3d 1297, 1308 (11th Cir. 2005), *citing* United States v. Sanchez, 269 F.3d 1250, 1268 (11th Cir. 2001), *cert. denied*, 535 U.S. 942 (2002).  "As another Circuit has noted, 'In fact, before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum.'"  *Id.* (citations omitted).  *See also* United States v. Reese, 382 F.3d 1308, 1312 and n. 2 (11th Cir. 2004) (holding "that district courts should continue to sentence pursuant to the Guidelines until such time as the Supreme Court rules on this issue," noting that the Supreme Court had scheduled oral argument in Booker on October 4, 2004).  The first part of ground one is without merit.

**Ground one, part two**

Defendant also argues that counsel was ineffective as to the quantities of drugs described in the presentence report and used for sentencing.  Defendant was sentenced for involvement with 2 kilograms of cocaine base, 94 kilograms of powder cocaine, and 71 kilograms of marijuana.  PSR, ¶ 20.  The base offense level for this quantity of drugs was 38.  *Id.*, ¶ 26.  Defendant's attorney did not object to the sentencing guideline range.  Doc. 191, sentencing transcript, p. 54.

Defendant contends that her lawyer committed error for not objecting to the drug quantity, but this is a conclusion without specifics. Doc. 243, memo, pp. 11-12 (pp. 17-18 on ECF). This is insufficient. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (drug quantity at sentencing, failure to allege specific facts), *quoting*, United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991) (same); Aldrich v. Wainwright, 777 F.2d 630, 636-37 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (defendant's conclusory allegations about the testimony of uncalled witnesses are insufficient to state a claim of ineffective assistance of counsel); Bolder v. Armontrout, 921 F.2d 1359, 1363-1364 (8th Cir. 1990), *cert. denied*, 502 U.S. 850 (1991); United States v. Vargas, 920 F.2d 167, 169-170 (2d Cir. 1990), *cert. denied*, 502 U.S. 826 (1991).

In her reply, Defendant still has not come forward with specifics to show how her attorney could have achieved a different result at sentencing with respect to drug quantities. Doc. 258, p. 3. It is not error for a lawyer to remain silent when there is nothing useful to say, and likewise the outcome could not have been prejudiced.

Moreover, the Government has cited to testimony at trial showing that Defendant was involved with significant quantities of these drugs. Doc. 257, p. 5. There was enough evidence to sentence on crack cocaine alone. Terlaine Gibson testified that he delivered 5 to 10 ounces of crack cocaine to Defendant about a dozen times. Doc. 187, p. 118. Assuming the lower quantity from this testimony, this would have been 60 ounces of crack cocaine, which, at 28 grams per ounce, is 1.68 kilograms of crack cocaine. Carton Roache testified that he delivered a round cookie of crack cocaine, weighing 10 ounces, to his customers. Doc. 188, p. 255. He said he delivered 3 or 4

ounce quantities of crack cocaine to Defendant, or about 100 grams. *Id.*, p. 257. However, later he had a record of giving Defendant 11 crack cocaine cookies. *Id.*, p. 278. If these were 10 ounce cookies as he had previously testified, this was 110 ounces of crack cocaine, or 3.08 kilograms of crack cocaine, and if these were only 3 ounce cookies, the quantity would be 0.924 kilograms of crack cocaine. This, added to the crack cocaine described by Gibson, is more than 2 kilograms solely attributable to Defendant.

Finally, the PSR states that more than 72 kilograms of powder cocaine, and more than 2 kilograms of crack cocaine, were recovered in stash houses and storage units used by co-conspirators. PSR, ¶ 19. This is only the amounts seized, not the amounts sold over the period of the conspiracy. The second part of ground one is without merit.

**Ground one, part three**

Defendant contends that her attorney was ineffective at sentencing with respect to the firearm enhancement. The gist of this claim is the same as above, that counsel was ineffective because he was silent and presented no argument concerning the firearm. She argues that no guns were ever found in her possession.

This argument misunderstands the way in which the Guidelines provide for firearm sentence enhancements based upon the conduct of a co-conspirator.

> The § 2D1.1(b)(1) enhancement may be applied when the firearm is possessed by a co-conspirator. *United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir.), *cert. denied* __ U.S. __, 126 S.Ct. 221, 163 L.Ed.2d 193 (2005). The enhancement applies to a co-conspirator when the government establishes by a preponderance of the evidence that "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator

possession was reasonably foreseeable by the defendant." *Id*. Furthermore:

> Application Note 3 to U.S.S.G. § 2D1.1(b)(1) advises: "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Once the government shows that a firearm was present, "the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable."

*Id*.

United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006).

> As to the reasonable foreseeability of the firearm's usage, we have noted that "numerous cases have recognized that guns are a tool of the drug trade. There is a frequent and overpowering connection between the use of firearms and narcotics traffic." *United States v. Cruz*, 805 F.2d 1464, 1474 (11th Cir. 1986). To that end, we have found it reasonably foreseeable that a co-conspirator would possess a firearm where the conspiracy involved trafficking in lucrative and illegal drugs. *See Fields*, 408 F.3d at 1359; *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1506 (11th Cir. 1993) (holding that it was reasonably foreseeable that one co-conspirator would possess a firearm while transporting 13 kilograms of cocaine). We have further upheld application of the § 2D1.1(b)(1) enhancement even where defendants claim they were unaware of the firearm possession. *United States v. Martinez*, 924 F.2d 209, 210 (11th Cir. 1991). In light of the vastness of the conspiracy and the large amount of drugs and money being exchanged in this case, the district court did not clearly err by finding that it was reasonably foreseeable that a firearm would be possessed by a co-conspirator.

*Id*., at 1246. *See also,* United States v. Gallo, 195 F.3d 1278, 1281 (11th Cir. 1999)

(U.S.S.G. § 1B1.3(a)(1)(b) outlines the requirements for sentence enhancements based

on co-conspirator conduct. The Guideline instructs that an act may be imputed from

one co-conspirator to another provided the conduct was (1) 'reasonably foreseeable,'

and (2) 'in furtherance of the jointly undertaken criminal activity. . . .' ").

Use of a firearm by co-conspirators was reasonably foreseeable by Defendant,

given the large quantities of drugs and money involved. Further, a handgun and a SKS

Case Nos. 5:03cr13-RH and 5:05cv67-RH/WCS

rifle were recovered in plain view at the stash and cook house used by the conspirators. Doc. 191, p. 9.  A handgun was found in a safe next to crack cocaine at another residence used by the conspirators.  *Id.*, p. 10.  Several guns were in the possession of Gadson when he as arrested.  *Id.*, p. 11.  Striggles said Gadson carried firearms for intimidation.  *Id.*  Further, there was a home invasion committed to avenge the rape and robbery of members of the conspiracy.  *Id.*  Defendant was involved as a driver in this armed home invasion.  Doc. 188, p. 562.  Defendant entered the home and beat up a female inside.  Doc. 189, pp. 830-831.  It is hard to see how Defendant's lawyer could have credibly argued that the firearm enhancement did not apply.  This third aspect of ground one is without merit.

**Ground two**

Defendant contends that she was denied effective assistance of counsel on appeal.  Doc. 243, p. 14 (p. 20 on ECF).  The claim, however, has more to do with assistance to try to obtain a Rule 35 motion than representation on the direct appeal. Defendant contends that the denial of effective assistance on appeal occurred when her attorney failed "to be a meaningful advocate during Miss Hill's cooperation with the Government, which ultimately lead to dismissal of her appeal, and the Government's refusing to file a sentencing reduction motion."  *Id.*  In other words, the prejudice from ineffective assistance with respect to a Rule 35 motion is alleged to have been dismissal of the direct appeal without obtaining a Rule 35 motion.[2]

---

[2] Given the wording of this claim, I do not read Defendant's claims as raising a question of ineffective assistance of appellate counsel.  Perhaps Defendant could make an independent claim that dismissal of the appeal was attorney error because she had a strong appellate issue to pursue, but she has not done so.  Defendant has made no argument about the strength of her appellate claims.

Case Nos. 5:03cr13-RH and 5:05cv67-RH/WCS

This ground is without merit. There is no Sixth Amendment or Fifth Amendment due process right to counsel to assist in efforts to obtain a Rule 35 motion after a lawful sentence has been imposed. United States v. Taylor, 414 F.3d 528, 535-537 (4th Cir. 2005); United States v. Palomo, 80 F.3d 138, 142 (5th Cir.(Tex.) Mar 28, 1996). *See also*, United States v. Blyden, 210 Fed. Appx. 928, 930 n. 2 (11th Cir. 2006) (not selected for publication) (citing Taylor and Palomo, and noting that the Eleventh Circuit has not yet decided the issue). Further, the decision of whether to file a substantial assistance motion is committed entirely to the discretion of the prosecutor. Even if the Sixth Amendment applied here, Defendant has not identified anything her attorney might have done to persuade the Government to file a Rule 35 motion.

**Ground three**

Defendant contends that her sentence is unconstitutional "based on inaccurate information and materially false assumptions." Doc. 243, p. 19 (p. 25 on ECF). Defendant relies upon Booker for this claim.

Apprendi and its progeny, including Booker, have not been made applicable on post-conviction review. McCoy v. United States, 266 F.3d 1245, 1247-1258 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002), *applying* Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (other citations omitted); Varela v. United States, 400 F.3d 864, 867-868 (11th Cir.), *cert. denied,* 546 U.S. 924 (2005). *See also*, United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir.) ("[n]o circuit, . . . has yet to suggest that *Booker* is retroactively applicable to collateral proceedings, . . . [and], it is

highly unlikely that any will"), *cert. denied*, 545 U.S. 1127 (2005).[3]  This claim does not entitle Defendant to relief.

**Ground four**

Defendant contends that she was denied due process because the Government failed to file a sentence reduction motion.  Doc. 243, p. 24 (p. 30 on ECF).  Defendant does not allege that she provided any cooperation before sentencing.  Defendant asserts that after her sentencing, she was willing to testify against Gayle about his perjury at trial.  *Id.*  She also asserts that she provided "information about other drug traffickers that was outside of the Gadson Organization."  *Id.*, p. 25 (p. 31 on ECF).

Defendant gives much greater detail in her reply as to the information she provided to the Government after sentencing.  Doc. 258.  The Government asserts, on the other hand, that: "Not only did defendant not assist the government, she fought the government vigorously right up to the moment of sentencing."  Doc. 257, p. 8.  It is unknown to what extent the information provided after sentencing was no longer useful to the Government, or whether it would have useful had Defendant provided it earlier, without going to trial.  But whether or not this court agrees with the Government's assessment, it cannot review that decision.  This court lacks authority to review the Government's refusal to file a substantial assistance motion absent a showing that the refusal was based on a constitutionally impermissible motive, such as race or religion,

---

[3] In June, 2006, the Supreme Court granted certiorari in <u>Burton v. Waddington</u>, 126 S.Ct. 2352, 165 L.Ed.2d 278 (2006) to determine whether <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) applies retroactively on post-conviction review.  The Court ultimately found that it could not address the question because the petitioner had failed to comply with the requirements of 28 U.S.C. § 2244(b), relating to second motions.  <u>Burton v. Stewart</u>, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

which is not alleged here. See United States v. Dorsey, 497 F.3d 1221, 1224-25 (collecting cases) (11th Cir. 2007). For these reasons, ground four cannot provide relief to Defendant.

**Ground five**

In the supplemental motion, doc. 244, Defendant contends her appellate attorney was ineffective for failing to file a petition for writ of certiorari in the Supreme Court. She asserts that had he kept her appeal alive, it would still have been pending when the Supreme Court decided Blakely (and, for that matter, would probably have been pending when Booker was decided).

The opportunity to file a petition for writ of certiorari necessarily presupposes a pending direct appeal resulting in an unfavorable decision in the Eleventh Circuit. Blakely was decided on June 24, 2004. Defendant dismissed her appeal on April 5, 2004. The claim, therefore, must overcome the problem of a lack of a claim of ineffectiveness of appellate counsel for dismissing the direct appeal. Since Defendant has not made a persuasive claim of that sort, the premise of this claim is lacking.

But even if Defendant had a viable claim of ineffectiveness for dismissal of the direct appeal, she cannot claim ineffectiveness of counsel with respect to discretionary review. There is no Sixth Amendment right to counsel to pursue discretionary review in the United States Supreme Court, Ross v. Moffitt, 417 U.S. 600, 617-619, 94 S.Ct. 2437, 2447-2448, 41 L.Ed.2d 341 (1974), or in a state appellate court, Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Thus, there cannot be a claim of ineffective assistance of counsel with respect to such discretionary review. Torna, 455 U.S. at 587-588, 102 S.Ct. at 1301.

Case Nos. 5:03cr13-RH and 5:05cv67-RH/WCS

**Conclusion**

For these reasons, it is **RECOMMENDED** that Defendant Lyvia Hill's motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 243, as supplemented, doc. 244, be **DENIED with prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on December 5, 2007.

                                s/   William C. Sherrill, Jr.
                                **WILLIAM C. SHERRILL, JR.**
                                **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**